## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 17, 2013

Sheryl L. Loesch
U.S. District Court
801 N FLORIDA AVE
TAMPA, FL 33602-3849

Appeal Number: 13-14629-DD
Case Style: USA v. Michael Meister
District Court Docket No: 8:10-cr-00339-RAL-AEP-1

LIMITED REMAND

Enclosed is a copy of an order remanding the referenced appeal for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

This case will be held in abeyance and monitored in the Eleventh Circuit pending disposition of remand proceedings in your court.

Upon completion of remand proceedings, please promptly send a copy of the ORDER ON REMAND to this court.

*The alternative motion for bond/release pending appeal is moot in light of the enclosed limited remand order.*

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Tonya L. Richardson, DD
Phone #: (404) 335-6176

CLK-3 DC Letter with Ltd Remand order

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 13-14629

D.C. Docket No. 8:10-cr-00339-RAL

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL MEISTER,

Defendant - Appellant.

Appeal from the United States District Court
for the Middle District of Florida

Before HULL, WILSON and PRYOR, Circuit Judges,

PER CURIAM:

On September 23, 2013, Appellant Michael Meister was found guilty of possessing and distributing child pornography. The district court allowed Meister to remain on pretrial release until it resolved his motion for release pending sentencing and appeal. Meister's sentencing is scheduled for December 19, 2013.

Meister is terminally ill and undergoing chemotherapy. On October 9, 2013, the district court denied Meister's motion for release pending sentencing for lack of subject matter jurisdiction. Meister filed an appeal, which we construed as a motion for release on bond pending his sentencing hearing, or, in the alternative, for limited remand and temporary release on bond pending the conclusion of the proceedings on limited remand.

Meister concedes that because his convictions constitute "crimes of violence" pursuant to 18 U.S.C. § 3145(c), under normal circumstances, he would not be eligible for release pending sentencing and appeal. Nevertheless, Meister argues that his terminal cancer and short life expectancy provide the exceptional circumstances which make his detention pending sentencing inappropriate. *See* 18 U.S.C. § 3145(c).[1] On October 17, 2013, we remanded to the district court for the limited purpose of determining whether Meister satisfies the criteria set out in 18 U.S.C. § 3143(a)(1), and if so, whether there are additional facts that might constitute "exceptional reasons" for releasing Meister on bond pending sentencing.

---

[1] Section 3145(c) reads: "Appeal from a release or detention order. An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

2

On November 15, 2013, the district court determined, based upon the parties' submissions, oral arguments, and an evidentiary hearing, that Meister satisfies the criteria set forth in § 3143(a)(1) for release pending sentencing because he has shown by clear and convincing evidence that there are exceptional reasons, pursuant to § 3145(c), why his detention would be inappropriate.

Recognizing that this court has yet to clarify whether a district court has the authority to release a defendant pending sentencing and appeal pursuant to section 3145(c), the district court aligned with the minority view of a few district courts that only a United States circuit judge has the jurisdictional authority to release a defendant pursuant to this subdivision. *See United States v. Rausch*, 746 F. Supp. 2d 1192, 1194 n.2 (D. Colo. 2010) (noting that each of the eight circuits "that has considered whether or not district courts have the authority to apply § 3143 have found that they do"). Specifically, the district court here found that the references in § 3145 to 28 U.S.C. § 1291 and 18 U.S.C. § 3731 indicated congressional intent to confine the determination of "exceptional reasons" to circuit judges. *See, e.g., United States v. Chen*, 257 F. Supp. 2d 656, 659–60 (S.D.N.Y. 2003); *United States v. Nesser*, 937 F. Supp. 507, 508–09 (W.D. Pa. 1996) (adding that while §§ 3145(a) and (b) contain explicit references to judicial decision makers "other than a Federal appellate court," §3145(c) omits this language." (internal quotation marks omitted)). Also, the district judge determined that because Federal Rule of

3

Appellate Procedure 9 instructs courts of appeal to "make [their] decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c)," and Federal Rule of Criminal Procedure 46(c) states that "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal," the only logical conclusion is that a district court's inquiry is confined to whether a defendant is statutorily eligible for release pending sentencing or appeal, not whether "exceptional reasons" consistent with § 3145(c) are present.

Upon review, we clarify that a district court does have jurisdiction to grant a defendant release pending sentencing and appeal pursuant to the provisions of 18 U.S.C. § 3145(c). This subdivision provides that if a person is subject to detention under § 3143(a)(2) and (b)(2) but otherwise meets the conditions of release described in § 3143(a)(1) and (b)(1), then a "judicial officer" may release a defendant under appropriate conditions "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." In order to ascertain the meaning of "judicial officer" within the context of this statute, we first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S. Ct. 843, 846 (1997). Indeed, "if the language is plain and the statutory scheme is coherent and consistent, we need not inquire further. . . . In most instances, statutory definitions control the meaning of

statutory words [and] a statutory definition excludes any meaning that is not stated." *United States v. Goforth*, 546 F.3d 712, 714 (4th Cir. 2008) (citations and internal quotations omitted). Here, while § 3145(c) does not itself define "judicial officer," 18 U.S.C. § 3156(a)(1) defines the term to plainly and unambiguously encompass district judges.[2] *See Goforth*, 546 F.3d at 714–15. Section 3156 expressly provides definitions for §§ 3141–3150 of this chapter of the code, and thus the term "judicial officer" unambiguously encompasses district judges as applied to the subsection at issue. Further, there is no indication within the statute that the definition is to be applied in a manner that would exclude district judges. To the contrary, "[w]hen Congress has altered the § 3156(a)(1) definition of 'judicial officer' in other provisions within the Bail Reform Act—that is, when it has 'otherwise indicated' that the term should be read differently—it has done so clearly." *Goforth*, 546 F.3d at 715. The placement of the term "exceptional reasons" within § 3145(c) is insufficient to constitute an affirmative indication, as required by § 3156(a)(1), that the term "judicial officer" inapplicable. Although § 3145(c) could be misleading, because it is entitled "Appeal from a release or

---

[2] Section 3156(a)(1) states: "The term 'judicial officer' means, unless otherwise indicated, any person or court authorized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to detain or release a person before trial or sentencing or pending appeal in a court of the United States, and any judge of the Superior Court of the District of Columbia."

detention order," the language in the subdivision, providing that a judicial officer may order release if certain conditions are met, is unambiguous. *See* 18 U.S.C. § 3145(c); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam).[3]

Consequently, the majority of circuits have found that district judges qualify as "judicial officers" within § 3145(c) and have the authority to determine whether "exceptional reasons" making detention inappropriate exist. *See United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010) (holding that "the district court erred in not considering whether [defendant] established exceptional reasons to support his release pending sentencing"); *United States v. Lea*, 360 F.3d 401 (2d Cir. 2004) (holding that a trial court considers the presence of exceptional circumstances making detention inappropriate under 18 U.S.C. § 3143(b)(2)); *United States v. Garcia*, 340 F.3d 1013, 1014 n. 1 (9th Cir. 2003) (agreeing with other circuits that a district court has the authority to determine whether there are exceptional reasons); *United States v. Mostrom*, 11 F.3d 93, 94 (8th Cir. 1993) (per curiam) (holding that a district court had initial authority to make a § 3145(c) determination); *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992)

---

[3] Indeed, because the sentence in § 3145(c) permitting a "judicial officer" to order release of a defendant under appropriate conditions was added with the mandatory provisions of § 3143(a)(2) and (b)(2) and designed to provide an avenue for discretionary relief, there is no reason to assume that Congress would limit this means of relief to reviewing appellate courts. *Carr*, 947 F.2d at 1240.

(per curiam) (same); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992) (per curiam) (same); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991) (same); *Carr*, 947 F.2d at 1240 (holding that despite § 3145(c)'s inclusion in a code section generally covering appeals, "exceptional reasons" language may be applied by the court ordering detention).

Moreover, while this court agrees with the district court that Federal Rule of Appellate Procedure 9 is instructive, we find that it actually supports the determination made by our sister circuits.[4] Rule 9 governs release in a criminal case, setting forth the process for review of a district court's order concerning pre-sentencing detention as follows:

> The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case. A party appealing from the order must file with the court of appeals a copy of the district court's order and the court's statement of reasons as soon as practicable after filing the notice of appeal.

---

[4] The district court noted that Rule 9(c), entitled "Criteria for Release," instructs a circuit court of appeals "to make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c)," while Federal Rule of Criminal Procedure 46(c), which governs whether a defendant is eligible for release pending sentencing or appeal in a criminal proceeding before a district court, states that "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." Reading these two rules together, the district court concluded that a district court can only consider the provisions of § 3143 in determining whether a defendant is statutorily eligible for release pending sentencing or appeal and that only a court of appeals has jurisdiction to consider that whether the additional factor, "exceptional reasons," is present. We do not agree with this construction because the mention of § 3143 in Rule 46(c) does not necessarily preclude a district court from looking to other code sections when required by statute.

Fed. R. App. P. 9(a)(1). While these motions may be entitled motions "for release pending trial or sentencing," they are actually requests for appellate review of a district court's order concerning pre-sentencing detention. *See* Fed. R. App. P. 9(a)(2) ("[T]he court of appeals must promptly determine the appeal."); Fed. R. App. P. 9(a)(3) ("The court of appeals or one of its judges may order the defendant's release pending the disposition of the appeal."). Also, Rule 9(b), which governs motions for release after entry of judgment, describes the appellate court's function as "review[ing]" a district court order, subject to the rules in 9(a). Simply put, Rule 9 provides the procedural vehicle for review of detention or release orders made pursuant to § 3145(c), which necessarily implies that there is such an order to review. Affirming the district court would mean that the only orders we have to review are orders we issue. Surely, the statutory scheme did not set up a review system solely to force us to rule on the same order twice. We conclude that the scheme gives us review because § 3145(c) determinations, including a finding of exceptional reasons, are to be made in large part by the district court, and we have authority to review those decisions.

We now explicitly hold, given the unambiguous statutory language and unanimous agreement of our sister circuits that have considered the issue, that a district court has the authority to release a defendant being detained pursuant to §

3143(a)(2) upon a showing of "exceptional reasons" under § 3145(c). Accordingly, we find that the district court erred in concluding that it lacked jurisdiction to determine whether Meister established exceptional reasons to support his release pending sentencing. *See, e.g., Christman*, 596 F.3d at 871; *Goforth*, 546 F.3d at 715; *Garcia*, 340 F.3d at 1014 n.1.

For the foregoing reasons, we reverse the district court's October 9, 2013 Order finding that it lacked the jurisdiction to consider whether exceptional reasons under 18 U.S.C. § 3145(c) warrant Meister's release pending sentencing. We recognize that, on limited remand, the district court determined by clear and convincing evidence that Meister had clearly shown in accord with 18 U.S.C. § 3145(c) that there are exceptional reasons why his detention pending sentencing would not be appropriate. However, given the discretionary language of the statute,[5] and our holding today, we remand for the district court to assume jurisdiction and make a determination of whether to order Meister's release.

**REVERSED AND REMANDED**

---

[5] Section 3145(c) uses a permissive "may," rather than a mandatory "shall," with regard to whether an order for release follows from a finding of exceptional reasons. *See* 18 U.S.C. § 3145(c) ( "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), **may be ordered released,** under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." (emphasis added).